UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MD RASHID,

                Plaintiff,

                                                23-cv-10350 (PKC)

      -against-                                     ORDER

JP MORGAN CHASE BANK, N.A.,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

       The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

       "It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc., 87 F.3d 44, 47 (2d Cir. 1996). The Complaint alleges that plaintiff Md Rashid "is an individual who lives and resides" in the Bronx, New York. (Compl't ¶ 9.) For the purposes of alleging diversity jurisdiction, a party's state of citizenship is not determined by state of residence but state of domicile. See, e.g., Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000); Avant Cap. Partners, LLC v. W108 Dev. LLC, 387 F. Supp. 3d 320, 321 (S.D.N.Y. 2016) ("Residences matter only if they assist in establishing domicile and citizenship. These are technical jurisdictional pleading requirements that are not widely known, but must be observed because regardless of their places of residence, the consequence of a party . . . whose citizenship is the same as any adversary's is a lack of diversity jurisdiction, and the court simply has no power to hear the case.") (Stanton, J.).

Separately, the Complaint asserts that defendant JPMorgan Chase Bank, N.A. "is an individual who, upon information and belief, has a corporate home in Ohio." (Compl't ¶ 10.) Based on its name, the defendant does not appear to be an individual or natural person, but a national association, which "is a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006); see also 28 U.S.C. § 1348.

Within fourteen days of this Order, plaintiff shall file an Amended Complaint that properly alleges the state of citizenship for both plaintiff and defendant, or, failing that, the action will be dismissed for want of subject matter jurisdiction.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 30, 2023